Law Offices of Gary F. Wang
Gary F. Wang (SBN 195,656)
Email: garywang@gfwanglaw.com
Jeannine V. Stepanian (SBN 313,291)
jstepanian@gfwanglaw.com
448 South Pasadena Avenue
Pasadena, CA 91105-1838
Telephone: (626) 585-8001
Facsimile: (626) 585-8002

Law Office of Jiakun Lei
Jiakun Lei (SBN 299,684)
Email: jlei@resilus.com
P.O. Box 5506
Hacienda Heights, CA 91745
Telephone: (626) 671-7000
Facsimile: (877) 552-3816

Attorneys for Plaintiffs LONG XIANG SHEN and IMPORT FENCE DIRECT INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Long Xiang Shen, an individual; Import Fence Direct Inc., a California corporation,<br><br>Plaintiff,<br>v.<br><br>A COLOR TREE INC, a California corporation; YAN JIN, an individual; MICHAEL AUYANG, an individual; QING FENG LYU, an individual; CHEN MIN LYU, an individual; LEI ZHANG, an individual; JING WEN, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT**<br><br>REQUEST FOR JURY TRIAL |

Plaintiffs LONG XIANG SHEN, an individual; and IMPORT FENCE DIRECT INC., a California corporation (collectively "Plaintiffs"), by and through their attorneys, hereby complains of A COLOR TREE INC., a California corporation; YAN JIN, an individual; MICHAEL AUYANG, an individual; QING FENG LYU, an individual; CHEN MIN LYU, an individual; LEI ZHANG, an

1
COMPLAINT

individual; JING WEN, an individual; and DOES 1 through 10, inclusive (collectively "Defendants") and alleges on knowledge as follows:

## NATURE OF THE ACTION

1.  This is an action for infringement of Plaintiff Shen's United States Design Patent No. D748,818 under the Patent Act, 35 U.S.C. § 271, based on Defendants' unauthorized commercial manufacture, use, import, offer for sale, and sale of infringing imitation products in the United States, and for substantial and related state law claims arising under the statutory and common laws of the State of California, all connected with Defendants' unlawful patent infringement conducts.

## THE PARTIES

2.  Plaintiff Long Xiang Shen (hereinafter "Shen") is an individual residing in the State of California and this judicial district. Plaintiff Import Fence Direct, Inc. ("Import Fence"), is a corporation organized and existing under the laws of the State of California, having its principal place of business at San Bernardino, California.

3.  Plaintiffs are informed and believe, and thereon allege, Defendant A Color Tree, Inc., (hereinafter "Color Tree") is a corporation organized and existing under the laws of the State of California, having its principal place of business at Pomona, California.

4.  Plaintiffs are informed and believe, and thereon allege, Defendant Yan Jin (hereinafter "Jin") is an individual residing in Walnut, California. Mr. Jin is an owner, operator, director and officer of Color Tree. Mr. Jin is a moving force behind the actions of Color Tree complained of herein and he has personally directed, authorized, and actively participated in the actions of Color Tree complained of herein.

5.  Plaintiffs are informed and believe, and thereon allege, Defendant Michael Auyang ("Auyang") is an individual residing in West Covina, California. Mr. Auyang is an owner, operator, director, and officer of Color Tree. Mr. Auyang

1  is a moving force behind the actions of Color Tree complained of herein and has
2  personally directed, authorized, and actively participated in the actions of Color
3  Tree complained of herein.
4      6.    Plaintiffs are informed and believe, and thereon allege, that Defendant
5  Qing Feng Lyu (hereinafter "Qing Feng") and Defendant Chen Min Lyu (hereinafter
6  "Chen Min") are individuals residing in Zhejiang, China. Qing Feng and Chen Min
7  are owners, operators, directors, and officers of Color Tree, and are the moving
8  force behind the actions of Color Tree complained of herein. Qing Feng and Chen
9  Min have personally directed, authorized, and actively participated in the actions of
10 Color Tree complained of herein.
11     7.    Plaintiffs are informed and believe, and thereon allege, Defendant Lei
12 Zhang (hereinafter "Zhang") is an individual residing in West Covina, California.
13     8.    Plaintiffs are informed and believe, and thereon allege, Defendant Jing
14 Wen (hereinafter "Wen") is an individual residing in Montebello, California.
15     9.    Plaintiffs are informed and believe, and thereon allege, at the time of its
16 creation, now, and at all time relevant to this Complaint, Color Tree did not and
17 does not have sufficient funding to assume responsibility for its foreseeable and
18 actual liabilities, was undercapitalized and has failed to observe corporate
19 formalities required by law.
20     10.    Plaintiffs are informed and believe, and thereon allege, Color Tree, Jin,
21 Auyang, Qing Feng, Chen Min, Zhang, Wen and DOES 1-10, inclusive, sued herein
22 by fictitious names, inclusive, and each of them, was the agent(s), servant(s) and
23 employee(s) of every other defendant and the acts of each defendant, as alleged
24 herein, were performed within the course and scope of that agency, service or
25 employment.
26     11.    The true names, identities and capacities, whether individual, corporate,
27 or otherwise, of the defendants named as DOES 1-10, are unknown to plaintiffs,
28 who therefore sue them by such fictitious names. Plaintiffs will amend this

1 Complaint to show their true names, identities, and capacities after they are
2 ascertained.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1338 (a)-(b), in that the case arises out of claims for patent infringement under 35 U.S.C. § 271 *et seq*. This Court has supplemental jurisdiction of state law claims pursuant to 28 U.S.C. §§1367(a) and 1338(b).

13. This Court has general personal jurisdiction over Color Tree because Color Tree is incorporated and has its principal place of business in California.

14. This Court has general personal jurisdiction over the individual Defendants Jin, Auyang, Zhang and Wen, who are California residents with domiciles in California.

15. This Court has personal jurisdiction over Defendants Qing Feng and Chen Min because these Defendants have continuous, systematic, and substantial contact with California, have purposefully directed their actions to California and this judicial district, and have otherwise availed themselves of the privileges and protections of the laws of the State of California such that this Court's assertion of jurisdiction over them does not offend traditional notions of fair play and substantial justice.

16. Venue is proper, *inter alia*, pursuant to 28 U.S.C. §1400, because this is a civil action for patent infringement and Defendants either reside in this judicial district or have committed acts of infringement and have a regular place of business in this judicial district. Venue is also proper, *inter alia*, pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this judicial district.

## GENERAL ALLEGATIONS

17. Plaintiff Shen is the inventor and owner of the entire right, title, and interest in United States Design Patent No. D748,818 (the "'818 Patent"), titled "WINDSCREEN." The '818 Patent was duly and legally issued by the United States Patent and Trademark Office ("U.S.P.T.O.") on February 2, 2016. A true and correct copy of the '818 Patent is attached hereto as **Exhibit 1**. The '818 Patent claims, among other things, the ornament design for windscreen as shown in the '818 patent.

18. Plaintiff Shen holds an exclusive right to license, make, use, develop, offer for sale sell, and import products covered by the '818 Patent, and the right to assert, defend, maintain, and enforce the '818 Patent.

19. Plaintiff Shen has also secured registrations for word trademarks for his fence screen products with the United States Patent and Trademark Office ("USPTO"). Specifically, Mr. Shen owns and has registered the mark WINDSCREEN4LESS®, USPTO Reg. No. 4,990,556 ("556 Trademark"). Attached as **Exhibit 2** is a true and correct copy of certificate of registration of the 556 Trademark.

20. Plaintiff Import Fence manufactures, imports, sells and offers for sale fence screen products bearing the trademark WINDSCREEN4LESS®, with the specific license and authorization of Shen.

21. Plaintiffs are highly successful in the developing, manufacturing, and distributing innovative and fashionable fence and windscreen products. The fence and windscreen industry is competitive, and plaintiffs undertake great expense and risk in conceiving, developing, testing, manufacturing, marketing, and delivering its products to consumers.

22. Shen hired Qing Feng as his agent and procurement manager in or about 2014 to import raw materials and other middle products necessary for the manufacturing of fence and windscreen products in the Unites States. Qing Feng

worked from Zhejiang, China and reported to Shen directly.

23. Through Qing Feng's occupation as Shen's agent and procurement manager, Qing Feng learned substantial confidential and proprietary information, including but not limited to suppliers' detailed contact information, contract information and amounts, business methodologies, the terms of Shen's procurement contracts, price quotations to such suppliers and other pricing information, and credit preferences of such suppliers. Possession of this confidential and proprietary information will enable a competitor in securing and maintaining a competitive and efficient supply chain for the manufacturing of similar fence and windscreen product lines. None of this information was known to the public. Qin Feng acquired this information only through his affiliation with Shen.

24. Shen hired Auyang as his sales and customer services manager in or about 2014. Auyang was in charge of the sales department and reported to Shen directly.

25. By virtue of Auyang's occupying the position as Shen's sales and customer service manager, Auyang learned substantial confidential and proprietary information including detailed clients' contact information, contract information and amounts, business methodologies as well and other terms of Shen's sales contracts, price quotations to such clients and other pricing information, service preferences of such clients. These confidential and proprietary information would greatly aid a competitor in securing businesses from clients. All of such information was not generally known to the public, and has become known to Qing Feng only through his affiliation with Shen.

26. Shen hired Jin as his chief industrial designer in or about 2014. Jin was mainly responsible for the development of fashionable, attractive or "eye-catching" products. Jin reported to Shen directly.

27. By virtue of Jin's occupying the position as Shen's chief industrial designer, Jin learned substantial confidential and proprietary information including

detailed original ideas, plans, sketches and designs that can be used to develop fashionable and successful lines of screen products. These confidential and proprietary information would greatly aid a competitor in developing competing products without having to invest substantial capital, time and efforts as Shen has done. All of such information was not generally known to the public, and has become known to Jin only through his affiliation with Shen.

28. In or about 2015, Shen discovered that Qing Feng had fraudulently reported the costs of the procurement of raw materials on multiple occasions by submitting fabricated or inflated invoices. Upon discovery, Shen demanded accounting from Qing Feng.

29. In or about May 2016, Qing Feng traveled to California to report to Shen for a full accounting of the transactions that have been discovered or suspected to be fraudulent. In this trip, Qing Feng first met with Auyang and Jin in Shen's office in Pomona, California (the "2016 Meeting").

30. Plaintiffs are informed and believe, and thereon allege, Qing Feng, Auyang and Jin secretly formed and launched a business (the "Competing Business") that directly competed with plaintiffs after the 2016 Meeting and while they were still employed as Shen's agent or employees.

31. Plaintiffs are informed and believe, and thereon allege, while still employed as plaintiffs' agent or employees, Qing Feng, Auyang and Jin secretly used plaintiffs' resources including company provided equipment, funds and accounts to secure benefits for the Competing Business.

32. Plaintiffs are informed and believe, and thereon allege, Qing Feng, Auyang and Jin misappropriated substantial confidential and proprietary information from Shen and continue to enjoy the use of certain proprietary information.

33. Plaintiffs are informed and believe, and thereon allege, Qing Feng, Auyang and Jin incorporated the Competing Business in January 2017 as A Color Tree Inc. Qing Feng, Auyang, Jin and Chen Min served as Color Tree's initial

directors and officers.

34. Plaintiffs are informed and believe, and thereon allege, Qing Feng, Auyang, Jin and Color Tree have and continue to infringe the '818 Patent by making, using, selling, offering for sale imitation windscreen products in the United States and importing into the United States imitation windscreen products that embody or use the inventions claimed in the '818 Patent.

35. Plaintiffs are informed and believe, and thereon allege, Qing Feng, Auyang, Jin and Color Tree have been and are inducing infringement of the '818 Patent by actively and knowingly inducing others to make, use, sell, offer for sale, or import imitation windscreen products that embody or use the inventions claimed in the '818 Patent.

36. Plaintiffs are informed and believe, and thereon allege, Qing Feng, Auyang, Jin and Color Tree have been and are continuing to contributorily infringe the '818 Patent by selling or offering to sell component, material, or apparatus knowing them to be especially made or especially adapted for practicing the invention of the '818 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

37. Plaintiffs are informed and believe, and thereon allege, Qing Feng, Auyang, Jin and Color Tree have known of the existence of the '818 Patent, and their acts of infringement have been willful and in disregard for the '818 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct. As a result of defendants' infringing activities, plaintiffs' sustained irreparable harm and monetary damages in excess of $1,000,000.

38. Plaintiffs are informed and believe, and thereon allege, while still an employee of the plaintiffs, Jin solicited other employees to work for the Competing Business. Unbeknownst to plaintiffs, Zhang and Wen began to work for the Competing Business while still being employees of the plaintiffs.

39. In 2017, Plaintiffs discharged Wen for cause and Wen began to collect

1  unemployment benefits from state agency Employment Development Department
2  ("EDD") while secretly employed by Color Tree.
3      40.    Plaintiffs are informed and believe, and thereon allege, while still an
4  employee of the plaintiffs, Jin told plaintiffs' other employees that plaintiffs'
5  business was about to fail, that Shen had bankrupted several businesses in the past,
6  and that Shen would have to fire all the employees soon. None of the statements
7  were true.
8      41.    Plaintiffs distribute their products through various channels including
9  traditional brick-and-mortar stores, as well as online e-commerce platforms created
10 and maintained by Amazon Inc., ("Amazon") or EBay. Inc.
11     42.    Pursuant to Amazon's policy and regulations, Amazon has the right and
12 discretion to remove any product listed on Amazon.com that it suspects to be
13 infringing any third party's intellectual property rights, including trademark, patent
14 and copyright.
15     43.    Plaintiffs' fence and windscreen products have substantial presence on
16 Amazon's eponymous website Amazon.com and the sales volume through
17 Amazon.com constitute a significant part of the total sales volume from all sources
18 and channels.
19     44.    From 2016, plaintiffs began to experience dramatic and significant
20 disruptions to its sales on Amazon.com. On multiple occasions, Amazon removed
21 the entire line of products bearing the trademark WINDSCREEN4LESS® based on
22 fraudulent reports from a mysterious source that the WINDSCREEN4LESS® line
23 of products infringed its trademark.
24     45.    Amazon would relist the removed items after an investigation into the
25 infringement reports if it finds that the infringement allegations were fraudulent or
26 have no merits. However, the investigation and re-listing process could take days if
27 not weeks. Plaintiffs would inevitably sustain substantial economic damages, as well
28 as irreparable harms each time their products were removed from Amazon.com.

46. Plaintiffs are informed and believe, and thereon allege, Qing Feng, Jin and Auyang plotted and carried out the fraudulent infringement reports scheme by criminal false personation. They misrepresented to Amazon that they were the owner of the WINDSCREEN4LESS® trademark, i.e., Mr. Shen himself, and accused plaintiffs of using the WINDSCREEN4LESS® trademark without authorization. Qing Feng, Jin and Auyang's fraudulent scheme was malicious and willful, intended solely to cause injury to plaintiffs without any justification, and directly caused substantial economic damages and irreparable harms to plaintiffs.

## FIRST CAUSE OF ACTION

**(Infringement of Patent against Defendants Color Tree, Qing Feng, Jin, Auyang, and DOES 1-10, inclusive)**

**[35 U.S.C. § 271]**

47. Plaintiffs repeats and re-alleges the allegations of paragraphs 1 through 46 of this Complaint as if set forth fully herein.

48. Plaintiffs are informed and believe, and thereon allege, Defendants have been and are infringing the '818 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, in violation of 35 U.S.C. § 271(a).

49. Plaintiffs are informed and believe, and thereon allege, Defendants have been and are inducing infringement of the '818 Patent by actively and knowingly inducing others to make, use, sell, offer for sale, or import infringing product that embody or use the invention claimed in the '818 Patent, in violation of 35 U.S.C. § 271(b).

50. Plaintiffs are informed and believe, and thereon allege, Defendants have been and are contributing to the infringement of the '818 Patent by selling or offering to sell component, material or apparatus, knowing them to be especially made or especially adapted for practicing the invention of the '818 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use,

1    in violation of 35 U.S.C. § 271(c).

2    51.  Defendants' infringement has been, and continues to be knowing, intentional, and willful.

4    52.  Defendants' acts of infringement of the '818 Patent have caused and will continue to cause damages for which Plaintiffs are entitled to compensation pursuant to 35 U.S.C. § 284.

7    53.  Defendants' acts of infringement of the '818 Patent have caused and will continue to cause Plaintiff immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Plaintiff has no adequate remedy at law.

11   54.  This case is exceptional and, therefore, Plaintiffs are entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## SECOND CAUSE OF ACTION

**(Breach of Fiduciary Duty against Defendants Qing Feng, Jin, Auyang and DOES 1-10, inclusive)**

55.  Plaintiffs repeats and re-alleges the allegations of paragraphs 1 through 46 of this Complaint as if set forth fully herein.

56.  By virtue of their relationships with plaintiffs, Defendants owe a fiduciary duty to plaintiffs.

57.  Defendants breached the fiduciary duty by engaging in tortious activities that directed to harm plaintiffs, and by directly competing with plaintiffs while still employed by plaintiffs.

58.  Damages were proximately caused by the breach.

## THIRD CAUSE OF ACTION

**(Breach of the Duty of Loyalty Against Defendants Qing Feng, Jin, Auyang, Zhang, Wen and DOES 1-10, inclusive)**

59.  Plaintiffs repeats and re-alleges the allegations of paragraphs 1 through 46 of this Complaint as if set forth fully herein.

60. By virtue of their relationships with plaintiffs, Defendants owe a duty of loyalty to plaintiffs.

61. Defendants breached the duty of loyalty by engaging in tortious activities that directed to harm plaintiffs, and by directly competing with plaintiffs while still employed by plaintiffs.

62. Damages were proximately caused by the breach.

## FOURTH CAUSE OF ACTION

**(Misappropriation of Trade Secrets Against Defendants Qing Feng, Jin, Auyang and DOES 1-10, inclusive)**

**[Cal. Civ. Code § 3426 *et seq*.]**

63. Plaintiffs repeats and re-alleges the allegations of paragraphs 1 through 46 of this Complaint as if set forth fully herein.

64. Defendants misappropriated confidential and proprietary information from Plaintiff.

65. All of such information was not generally known to the public, and has become known to Defendants, and each of them, only through Defendants affiliation with Plaintiff and their improper use of Plaintiff's confidential and trade secret information.

66. Plaintiffs are further informed and believe, and based thereon allege, that Defendants continue to enjoy the use of certain proprietary information and client databases which constitute trade secrets of Plaintiffs, and which became known to Defendants only through their business relationship with Plaintiffs.

67. Defendants' continued improper use of Plaintiffs' trade secrets will continue to irreparably injure Plaintiffs unless enjoined by this Court. Plaintiffs have no speedy or adequate remedy at law to prevent this irreparable injury, absent the requested injunction.

68. As a direct and proximate result of the misappropriation of Plaintiffs' trade secrets by Defendants Plaintiffs have suffered damages in an amount in excess

of $1,000,000.

## FIFTH CAUSE OF ACTION

**(Tortious Interference with Contract Against Defendants Qing Feng, Jin, Auyang and DOES 1-10, inclusive)**

69. Plaintiffs repeats and re-alleges the allegations of paragraphs 1 through 46 of this Complaint as if set forth fully herein.

70. Various valid contracts exist between plaintiffs and third parties including plaintiffs' clients, suppliers and other business partners such as Amazon. Inc.

71. At all times, Defendants knew and were fully aware of the existence of these valid and valuable agreements with the third parties.

72. Defendants engaged in intentional, tortious acts designed to induce a breach or disruption of these contractual relationships. Actual breach or disruption of the contractual relationships occurred. Plaintiffs sustained damage as a proximate result of Defendants' tortious conducts.

## SIXTH CAUSE OF ACTION

**(Libel and Slander Against Defendants Jin and DOES 1-10, inclusive)**

73. Plaintiffs repeats and re-alleges the allegations of paragraphs 1 through 46 of this Complaint as if set forth fully herein.

74. Defendant made false and/or misleading statements of material facts and/or intentionally did not disclose material facts necessary to make the statements not misleading.

75. Defendants knew that the statements were misleading and untrue at the time they were made, to cause harm to Plaintiff Shen.

76. As a direct and proximate result of the wrongful conduct of Defendant, Plaintiff has been harmed such that she is entitled to recover compensatory damages in an amount to be proven at trial.

////////////////////////

## SEVENTH CAUSE OF ACTION

**(Conversion Against Defendants Jin, Auyang and Qing Feng and DOES 1-10, inclusive)**

77. Plaintiffs repeats and re-alleges the allegations of paragraphs 1 through 46 of this Complaint as if set forth fully herein.

78. Plaintiffs have ownership or right to possession of numerous property including equipment, funds, and accounts.

79. Defendants used and/or abused the equipment, funds and accounts that belonged to Plaintiffs without authorization and consent, for their own benefits, and such unauthorized use and abuse constitute conversion of property rights.

80. As a proximate cause of Defendants' wrongful conducts, Plaintiff sustained substantial damages.

## EIGHTH CAUSE OF ACTION

**(Violation of the California Unfair Business Practices Act Against Defendants Jin, Auyang Qing Feng and DOES 1-10, inclusive)**

**[CA Business and Professions Code Section 17200, et. seq.]**

81. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 46 of this Complaint as if fully set forth herein.

82. Defendants, and each of them, have engaged in numerous illegal, unethical, improper, deceptive and actionable business practices, including but not limited to the foregoing:

   a) Misappropriation of confidential and proprietary financial data, customer lists, contract details, business methods and practices, business good will, and other tangible and intangible goods, material and information and to utilize these for their own financial gain to the detriment of Plaintiff;

   b) Utilizing stolen and improperly obtained financial data, client lists, contract details, business methods and practices, business good will, and other tangible and intangible goods, material and information, which belonged and

belongs to Plaintiff to undermine Plaintiffs and their business and business opportunities to induce suppliers, clients and other business partners to transfer their business to Defendants; and

    c) Undertaking, with regularity, numerous and other illegal, unlawful and prohibited acts and practices, in violation of numerous statutes, rules, regulations and ordinances, including but not limited to, *Business and Professions Code* §17500, *et seq*.

85. As a consequence of the foregoing, Plaintiffs have suffered a loss of business and business opportunities, as well as other damages, in an amount in excess of $1,000.000.00, for which they seek recovery herein. In addition, these damages, trebled as allowed for by law, amount of not less than $1,000.000.00, for which recovery is sought herein. In addition to each of the foregoing, Plaintiff has incurred, and will continue to incur, attorneys' fees and related costs and expenses, for which recovery is sought.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands a trial by jury on all claims.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request judgment against Defendant as follows:

I.    Adjudging that Defendants have infringed, actively induced infringement of, and contributorily infringed the '818 Patent in violation of 35 U.S.C. § 271(a), (b), and (c);

II.    Granting an injunction permanently enjoining Defendants, its employees, agents, officers, directors, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the '818 Patent;

III.    Ordering Defendants to account and pay damages adequate to compensate Plaintiffs for Defendants' infringement of the '818 Patent, including

15
COMPLAINT

pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

IV. Ordering an accounting for any infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales.

V. Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

VI. Declaring this case exceptional and awarding Plaintiffs their reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

VII. That the Court issue a preliminary and permanent injunction against Defendants, their agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendants, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

    a. Offering, soliciting, promoting, advertising their services utilizing Plaintiffs' trade secrets, confidential and proprietary information and property obtained while employed with Plaintiff(s).

    b. Contacting, communicating, or soliciting Plaintiffs' clients or suppliers; and

    c. Disrupting or interfering with Plaintiffs' contractual or economic relationships.

VIII. Ordering Defendants to return all property illegally taken from Plaintiffs;

IX. Interest on all sums awarded;

X. Punitive and/or exemplary damages according to proof;

XI. Costs of suit and reasonable attorney's fees to the extent permitted by law;

XII. Order Defendants to file a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with

all injunctions, within thirty (30) days after service of orders of such injunctive and provisional relief upon Defendants; and

XIII. Such other and further relief as the Court deems proper.

DATED: December 19, 2017

BY:   /s/ Jiakun Lei
Gary F. Wang
Jiakun Lei
Attorneys for Plaintiffs Long Xiang Shen and Import Fence Direct, Inc.